**Dobson v. Rosini**

*Andrew M. Pipa*, for plaintiff.

*Myron M. Moskowitz*, for defendant.

TROUTMAN, J., July 5, 1957.—Ronald Dobson, a minor, by Theresa Dobson, his guardian, filed an action in assumpsit against defendant, Ralph Rosini, trading and doing business as Rosini Motor Company, for a sum of money which includes the purchase price and repair costs of an automobile sold by defendant to plaintiff. Subsequent to the filing of the complaint, defendant filed a preliminary objection in the nature of a motion to strike off the complaint, assigning as reasons in support thereof that plaintiff violated Pa. R. C. P. 2028(*b*) by failing to state·in his complaint what interest his guardian has in the action and also by failing to state the age of the minor. Defendant filed an answer to the preliminary·objection in the nature of a motion to strike off the same.

Pa. R. C. P. 2028(*b*) provides that the initial pleading filed in behalf of a minor plaintiff shall state the name and address of his guardian and his relationship, if any, to the subject matter of the action or to any of the parties thereto.

The first paragraph of the complaint in this case avers that Ronald Dobson, plaintiff in this action is a minor and sues by his guardian, Theresa Dobson, whose address is 333 Webster Street, Village of Ranshaw, Coal Township, Northumberland County, and who is his mother and has been selected by the minor as his guardian in this action. We are of the opinion that this averment in the complaint substantially conforms to the requirements of the above rule. Specifically, the complaint sets forth the name and address

of the guardian and her relationship to plaintiff. While it is true that the averment does not set forth guardian's relationship to the subject matter of the action, it does set forth that she is the mother of the minor plaintiff. The conclusion, therefore, is that she has no relationship with the subject matter of the action except that she is the mother of the minor plaintiff.

In respect to the second reason in support of defendant's preliminary objection which is the failure of plaintiff to state the age of the minor in the complaint, there is no provision in the rule providing that the minor's age shall be specifically set forth in the complaint. In 4 Anderson, Pa. Civ. Pract. 50, in commenting upon this particular problem, it is stated as follows: "The complaint should also set forth the age of the minor plaintiff. While the caption, if it conforms to Rule 2028 ($a$), will indicate that the plaintiff is a minor, it it desirable to specify the minor's age so that if he should become of age during the pendency of the action this fact can be readily determined. The failure to state the minor's age, however, is not a defect to which objection may be made by the defendant."

We agree with this comment and are of the opinion that the failure to state the minor's age is not such a defect as would warrant the sustaining of the preliminary objection of defendant on that ground. Should plaintiff become of age during the pendency of the action, the record may be amended under the provisions of Pa. R. C. P. 2037.

Therefore, defendant's preliminary objection in the nature of a motion to strike off the complaint must be dismissed.

### Order

And now, to wit, July 5, 1957, defendant's preliminary objection to plaintiff's complaint is hereby dismissed. Let an exception be noted for defendant.